# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**CHRIS C. DISHMON, #23820**                                                      **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO.  3:06cv316DPJ-JCS**

**SHERIFF MALCOLM MCMILLIN**                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff, an inmate of the Hinds County Detention Center, Raymond, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On August 10, 2006, an order was entered directing the Plaintiff to file a written response clarifying his claims, within twenty days. The Plaintiff was warned in this order that his failure to keep this Court informed of his current address or his failure to timely comply with the requirements of the order may result in the dismissal of his complaint. The Plaintiff failed to comply with this order.

On September 14, 2006, an order was entered directing the Plaintiff to show cause, within fifteen days, why this case should not be dismissed for his failure to comply with the Court's August 10, 2006 order. In addition, the Plaintiff was directed to comply with the August 10, 2006 order by filing a written response. The Plaintiff was warned in the show cause order that failure to keep this Court informed of his current address or a failure to timely comply with the requirements of the order would lead to the dismissal of his complaint. The Plaintiff has not complied with the show cause order.

The Plaintiff has failed to comply with two court orders.  It is apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Plaintiff has not complied with two court orders, nor has he contacted this Court since July 12, 2006.  The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the Defendant has never been called upon to respond to the Plaintiff's pleading and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 17th day of November, 2006.

s/ <i>Daniel P. Jordan III</i><br>
UNITED STATES DISTRICT JUDGE